## RECORD NO. 24-6654

## (2:22-cv-03142)

In The

# United States Court of Appeals

### For The Fourth Circuit

JOHN TRENTON PENDARVIS,

*Plaintiff–Appellant,*

v.

ALAN M. WILSON, Attorney General; MARK A. KEEL, Chief of SLED; HUGH E. WEATHERS, Commissioner of South Carolina Department of Agriculture; L.C. KNIGHT, Sheriff of Dorchester County Sheriff's Office; W. JEFFREY YOUNG, Chief Deputy of South Carolina Attorney General's Office; ROBERT D. COOK, Solicitor General; EMORY SMITH, JR., Deputy Solicitor General; DAVID S. JONES, Assistant Attorney General; T. STEPHEN LYNCH, Deputy Attorney General; HARLEY L. KIRKLAND, Assistant Attorney General; WESLEY VORBERGER, Assistant Attorney General; ROBERT KITTLE, Communications Director of SCAG; ADAM L. WHITSETT, General Counsel for SLED; FRANK O'NEAL, Major for SLEDs Narcotics, Alcohol, and Vice Services; JASON WELLS, Captain for SLEDs Narcotics Division; GLENN WOOD, Lieutenant for SLED; JOHN NEALE, Agent/employee of SLED; RHETT HOLDEN, Agent/employee of SLED; ALDEN G. TERRY, General Counsel for DAG; DEREK M. UNDERWOOD, Assistant Commissioner of DAGs Consumer Protection Division; J. CLINT LEACH, Assistant Commissioner of DAGs External Affairs & Economic Development Division; AARON WOOD, Assistant Commissioner of DAGs Agency Operations Division; JOHN STOKES, Program Manager of DAGs Consumer Protection Division; VANESSA ELSALAH, Coordinator of DAGs Hemp Program; BRITTANY JEFFCOAT, Coordinator in DAGs Consumer

Protection Division; EVA MOORE, Communications Director for DAG; RAY DIXSON, Captain for DCSO; FRANK THOMPSON, Lieutenant for DCSO; ROBERT KRUTAK, Deputy Sheriff for DCSO; JONATHAN CALORE, Supervisory agent/employee; CHARLIE SCRUBBS, Agent/employee with the S.C. Forestry Commission; WAYNE EADDY, agent/employee with the S.C. Forestry Commission

*Defendants–Appellees,*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

————————

## JOINT RESPONSE BRIEF OF DEFENDANTS-APPELLEES FOR SOUTH CAROLINA DEPARTMENT OF AGRICULTURE, SOUTH CAROLINA LAW ENFORCEMENT DIVISION, DORCHESTER COUNTY SHERIFF'S OFFICE, AND SOUTH CAROLINA FORESTRY COMMISSION

————————

**SUBMITTED BY:**

William Henry Davidson, II
Davidson Wren and DeMasters PA
1611 Devonshire Drive
2nd Floor
PO Box 8568
Columbia, SC 29202-8568
803-806-8222
*Counsel for Defendant-Appellees Hugh E. Weathers, Alden G. Terry, Derek M. Underwood, J. Clint Leach, Aaron Wood, John Stokes, Vanessa Elsalah, Brittany Jeffcoat, and Eva Moore*

Daniel C. Plyler
Austin Tyler Reed
Frederick Newman Hanna, Jr.
Smith Robinson Holler DuBose and Morgan, LLC
3200 Devine Street
Columbia, SC 29205
803-254-5445
*Counsel for Defendant-Appellees Mark A. Keel, Adam L. Whitsett, Frank O'Neal, Jason Wells, Glenn Wood, John Neale, and Rhett Holden*

G. Wade Cooper
Jeffrey Herman Lappin
Buyck Law Firm, LLC
PO Box 2424
Mt Pleasant, SC 29465
843-377-1400
*Counsel for Defendant-Appellees L.C. Knight, Ray Dixson, Frank Thompson, and Robert Krutak*

Michael Hart Montgomery
Montgomery Willard
PO Box 11886
Columbia, SC 29211
803-779-3500
*Counsel for Defendant-Appellees Jonathan Calore, Charlie Scrubbs, and Wayne Eaddy*

# DISCLOSURE STATEMENT

Pursuant to Local Rule 26.1(2), Defendants-Appellees submit the following:

**(A)  Information Required by FRAP 26.1.**

Not applicable.  Defendants-Appellees are South Carolina governmental entities and employees thereof.

**(B)  Information About Other Financial Interests.**

Not applicable.

**(C)  Information About Other Publicly Held Legal Entities.**

Not applicable.

**(D)  Information About Trade Association Members.**

Not applicable.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. iv

STATEMENT OF JURISDICTION................................................................1

STATEMENT OF ISSUES ON APPEAL ...................................................2

INTRODUCTION ...........................................................................................3

STATEMENT OF THE CASE ......................................................................4

    I.     Factual Background.............................................................................4

    II.     Procedural History................................................................................8

      A.   The Original Complaint .................................................................8

      B.   The Amended Complaint ...........................................................10

      C.   The Second Amended Complaint .............................................12

STANDARD OF REVIEW ...........................................................................14

    I.     Fed. R. Civ. P. 12(b)(6).....................................................................14

    II.     Fed. R. Civ. P. 12(e).........................................................................15

    III.    Fed. R. Civ. P. 15 ...........................................................................15

SUMMARY OF ARGUMENT ....................................................................16

ARGUMENT ..................................................................................................17

    I.     The Complaint and Amended Complaint failed to comply with Rules 8 and 10…….....................................................................................18

A.  Procedural Bar........................................................................18

B.  Merits.....................................................................................19

II.  The Second Amended Complaint failed to comply with Rule 8, *Twombly*/*Iqbal*, and the Magistrate's prior Orders, and Appellees and the District Court were not charged with considering the Second Amended Complaint in "context." ..................................................................................25

A.  Procedural Bar........................................................................25

B.  Merits.....................................................................................26

III.  The District Court did not err by refusing to adopt the Magistrate's alternative recommendation to permit Appellant a fourth opportunity to submit a proper pleading. ....................................................................27

A.  Procedural Bar........................................................................27

B.  Merits.....................................................................................28

IV.  Should this Court disagree with the above arguments, as an alterative sustaining ground, Appellees are entitled to qualified immunity, even at this early stage of the proceedings......................................................31

CONCLUSION ........................................................................................36

STATEMENT REGARDING ORAL ARGUMENT ............................................36

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. S.C. Dep't of Transp.*, 2021 WL 2635446 (D.S.C. June 25, 2021)....22

*Anderson v. Creighton*, 483 U.S. 635 (1987) ..........................................................33

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................20

*Bailey v. Kennedy*, 349 F.3d 731 (4th Cir. 2003) ...................................................34

*Bailey v. Polk County*, 2011 WL 4565449 (W.D.N.C. Sept. 29, 2011) .................31

*Ballenger v. Owens*, 515 Fed. Appx. 192 (4th Cir. 2013) ......................................18

*Campbell v. Florian*, 972 F.3d 385 (4th Cir. 2020)................................................35

*Davis v. Ruby Foods, Inc.*, 269 F.3d 818 (7th Cir. 2001)........................................23

*Emery v. Am. Gen. Fin. Inc.*, 134 F.3d 1321 (7th Cir. 1998) .................................30

*Equal Rights Ctr. V. Niles Bolton Assocs.*, 602 F.3d 597 (4th Cir. 2010)..............15

*Estate of Valentine ex rel. Grate v. South Carolina*, 2018 WL 11383502 (D.S.C.
    Nov. 28, 2018) .......................................................................................................21

*Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451 (4th Cir. 2017)...............................27

*Foman v. Davis*, 371 U.S. 178 (1962) ....................................................................29

*Gleichauf v. Ginsberg*, 859 F.Supp. 229 (S.D. W.Va. 1994) .................................15

*Hanson v. 3M Co.*, 2017 WL 2779488 (W.D.N.C. June 27, 2017)........................30

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ...........................................................32

*Hill v. Crum*, 727 F.3d 312 (4th Cir. 2013) ...........................................................35

iv

*Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821 (4th Cir. 1973)..........................15

*In re SCANA Corp. Sec. Litig.*, 2019 WL 1427443 (D.S.C. 2019) .........................20

*In re Westinghouse*, 90 F.3d 696 (3d Cir. 1996).......................................................14

*Kittay v. Kornstein*, 230 F.3d 531 (2d Cir. 2000) .....................................................14

*Knapp v. Hogan*, 738 F.3d 1106 (9th Cir. 2013) .......................................................20

*Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049 (7th Cir. 2019) .....29

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133 (2d Cir. 2020)..30

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959) ............................24

*Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)........32

*Morris v. Wachovia Securities, Inc.*, 448 F.3d 268 (4th Cir. 2006) .......................15

*North Carolina v. McGuirt*, 114 Fed. Appx. 555 (4th Cir. 2004) ...........................14

*Outer Banks Beach Club Ass'n, Inc. v. Festiva Resorts Adventure Club Member's*
   *Ass'n, Inc.*, 2012 WL 4321327 (W.D.N.C. Sept. 20, 2012) .................................31

*Parrish v. Cleveland*, 372 F.3d 294 (4th Cir. 2004) .................................................34

*Pendarvis v. Knight et al.*, C/A No. 2021-CP-18-01486...........................................7

*Pendarvis v. SLED et al.*, C/A No. 2019-CP-33-0675 ...............................................7

*Pendarvis v. SLED*, 2023 WL 3722239 (S.C. Ct. App. 2023) ...................................8

*Posner v. Essex Ins. Co.*, 178 F.3d 1209 (11th Cir. 1999) ......................................28

*Saucier v. Katz*, 533 U.S. 194 (2001) ......................................................................34

*Sevigny v. Dicksey*, 846 F.2d 953 (4th Cir. 1988) ...................................................33

v

*Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754 (4th Cir. 2011) .........16

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)..................................................20

*Thomas v. Olshausen,* 316 F. Appx. 264 (4th Cir. 2009) ........................................15

*Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750 (7th Cir. 2002)......29

*Torchinsky v. Siwinski*, 942 F.2d 257 (4th Cir. 1991) ...................................... 33, 34

*United States v. Midgette*, 478 F.3d 616 (4th Cir. 2007)........................................19

*United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984) .........................................25

*United States v. Smith,* 395 F.3d 516 (4th Cir.2005)...............................................32

*United States v. Under Seal*, 853 F.3d 706 (4th Cir. 2017) .....................................15

*Westberry v. Gislaved Gummi AB*, 178 F.3d 257 (4th Cir. 1999) ...........................15

*Young v. City of Mount Ranier*, 238 F.3d 567 (4th Cir. 2001). ...............................17

**Statutes**

42 U.S.C. § 1983 ................................................................................... passim

42 U.S.C. § 1985 .....................................................................................9,21

42 U.S.C. § 1986 .....................................................................................9,21

S.C. Code Ann. § 46-55-10 *et seq.* ......................................................4, 5

**Other Authorities**

Fed. R. Civ. P. 8 ...........................................................................................26

Fed. R. Civ. P. 8(a)(2) ................................................................19

Fed. R. Civ. P. 8(d)(1) ...............................................................19

Fed. R. Civ. P. 10(b) ..................................................................20

Fed. R. Civ. P. 12(e) ............................................................ 15,19

Fed. R. Civ. P. 15(a)(2) ..............................................................28

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §
    1217 (3d ed. 2004)) ...............................................................14

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil
    3d* § 1215 (3d. ed. 2004) .......................................................20

*Impermissible Shotgun Pleading*, 4 Cyc. of Federal Proc. § 14:36 (3d ed.) ..........22

# STATEMENT OF JURISDICTION

Appellant filed a timely notice of appeal from the district court's dismissal of this action. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

# STATEMENT OF ISSUES ON APPEAL

I.    Did the Magistrate abuse her discretion in granting Appellees' Motions for More Definite Statement rather than dismissing Appellant's Complaint and Amended Complaint for failing to comply with well-established pleading requirements?

II.    Did the District Court err in dismissing the Second Amended Complaint without prejudice when the Second Amended Complaint failed to comply with Rule 8, *Twombly*/*Iqbal*, and the Magistrate's prior Orders?

III.    Did the District Court err by not adopting the Magistrate's alternative recommendation to permit Appellant a fourth opportunity to submit a proper pleading?

IV.    If necessary, should this Court affirm the District Court's decision based on qualified immunity when the alleged constitutional rights violated by Appellees were not clearly established and Appellees acted reasonable at all times relevant?

## INTRODUCTION

This is an appeal from the United States District Court for the District of South Carolina's June 7, 2024 Order, dismissing Plaintiff-Appellant John Trenton Pendarvis's ("Appellant") Second Amended Complaint without prejudice for repeated failures to comply with Rules 8, 10, and 12 of the Federal Rules of Civil Procedure, as well as prior orders issued by the Magistrate. (JA 389-96). To be sure, the Second Amended Complaint was Appellant's third swing at the plate—an opportunity to finally submit a pleading that complied with well-established federal rules. Yet, despite the Magistrate's clear guidance in two prior orders explaining how to remedy his prior pleading deficiencies, and despite the Magistrate's prior warning that the Second Amended Complaint was his "one final opportunity to amend" (JA 301), Appellant struck out. The Second Amended Complaint still "fail[ed] to comply with Rules 8 and 12 of the Federal Rules of Civil Procedure; fail[ed] to adhere to the standards set forth in *Twombley* and *Iqbal*; and fail[ed] to follow the clear directives provided to [Appellant] in prior orders." (JA 395). Dismissal was appropriate.

Rather than acknowledge the abundance of patience and grace that he was afforded on multiple occasions by both the Magistrate and District Court, Appellant has now turned to accusing the Magistrate and District Court of committing legal error. And rather than delving into the merits of any alleged legal error below,

Appellant chooses to address those issues in a short, cursory fashion, while devoting the majority of his brief to ineffective attempts at vilifying Defendants-Appellees ("Appellees"). Nevertheless, whether Appellant's goal on appeal is to vilify Appellees or whether Appellant's goal is to convince this Court that the Magistrate and District Court erred in rendering their decisions, both attacks fall woefully short.

This appeal is limited to this Court's review of the Second Amended Complaint. The Second Amended Complaint is materially inadequate, and Appellant does very little—if anything at all—to defend its adequacy. Additionally, Appellant makes tortuous attempts to have this Court review prior iterations of his pleadings in the hope of finding success with at least one of his submissions; however, none of those prior iterations is properly before this Court. Appellant's arguments all fall short, and the Court can easily dispense of them whether on procedural shortcomings or on the merits. Respectfully, this Court should affirm the District Court's well-reasoned Order.

## STATEMENT OF THE CASE

### I. Factual Background

Although Appellant has proffered a detailed recitation of "facts," (App. Br. at 5-23), the pertinent facts necessary to this appeal are actually quite narrow.

This civil rights case stems from the recent enactment of the South Carolina Hemp Farming Act ("Act"). S.C. Code Ann. § 46-55-10 *et seq*. The South Carolina

4

General Assembly—in passing the Act—recognized the potential economic benefits to the State and its citizenry with respect to the cultivation, harvesting, sale, and research of various products derived from hemp. *Id.* Yet, because of the similarities between hemp and marijuana, the Act made certain that it is "unlawful for a person to cultivate, handle, or process hemp in [South Carolina] without a hemp license issued by the [Department of Agriculture ("DAG")] pursuant to the state plan." *Id.* at § 46-55-20(A)(1). In other words, for the cultivation, handling, and processing of hemp to be legal in South Carolina, a grower must obtain a license from DAG and must operate in compliance with said license and the Act. *Id.*

If a licensee is found by DAG to have acted negligently in adhering to the Act's requirements, the licensee is required to conduct a corrective action plan. *Id.* at § 46-55-40(A)(1). However, if DAG determines that a licensee has acted "with a culpable mental state greater than negligence, then [DAG] shall immediately report the hemp producer to the Attorney General and the Chief of the South Carolina Law Enforcement Division ["SLED"]" for enforcement, and the corrective action plan measure will not be provided. *Id.* at § 46-55-40(B). With respect to the novel enforcement of the Act, it is undisputed that the Act has been noted to have "many gray areas" (JA 44); has been described as an "ultra murky" statute (JA 46); and has been said that it "gives no direction whatever to law enforcement." *Id.* Even Appellant has acknowledged that the Act is "unclear." (JA 329).

5

On or about May 1, 2019, DAG issued Appellant a license to cultivate hemp. (JA 36). Appellant also voluntarily entered into and executed a "Hemp Farming Program Participation Agreement" with DAG which *inter alia* provided in pertinent part a section entitled "Plant Destruction":

> a.    Permitted Grower acknowledges and consents to the forfeiture or destruction, without compensation, of hemp material:
>
>    i.    Found to have a measured delta-9 THC content of more than 0.3 percent on a dry weight basis;
>
>    ii.    Bearing off-label pesticide residues (or believed by [DAG] to have pesticides applied off-label), regardless of the source or cause of contamination; and
>
>    iii.    Growing in an area that is not licensed by [DAG].

(JA 36-37).

On July 30, 2019, DAG visited Appellant's property in Dorchester County (as allowed by the Participation Agreement) and discovered that Appellant was growing in an unlicensed area. (JA 39). What's more is that on August 28, 2019, Appellant informed SLED that he was also growing on unlicensed land owned by a completely different individual in Marion County—several counties away. (JA 49). Although Appellant scurried to amend his applications to account for these various unlicensed locations, DAG denied the requests and found that Appellant's actions were not "negligent" or an "oversight" and considered Appellant's actions to be "willful." (JA 50). DAG noted that, because of the maturity of the hemp plants (being over 5

6

feet tall), Appellant had been growing on the unlicensed land for approximately 6-8 weeks. (JA 41). DAG subsequently requested SLED to take enforcement action. *Id.*

Due to Appellant's unlawful actions, SLED obtained an Arrest Warrant from a neutral and detached State Magistrate Judge on September 19, 2019. (JA 54). Later that day, SLED and various other Appellees entered Appellant's unlicensed hemp field in Dorchester County to execute the Arrest Warrant and remove the illegal hemp. (JA 55). SLED explained to Appellant the reasoning for the arrest and hemp destruction. (JA 55-59). Because of the illegality of the crop and because Appellant consented in the Participation Agreement to the destruction of hemp growing on unlicensed land, the hemp field was subsequently destroyed. (JA 60). Appellant has filed a state lawsuit against DAG, SLED, and the Dorchester County Sheriff's Office ("DCSO") concerning these matters, and the case is currently pending in the Dorchester County Court of Common Pleas. *Pendarvis v. Knight et al.*, C/A No. 2021-CP-18-01486.

With respect to Appellant's second illegal hemp field in Marion County, Appellant initiated a second state lawsuit against DAG and SLED to prohibit the field's destruction. *Pendarvis v. SLED et al.*, C/A No. 2019-CP-33-0675. Appellant secured a Temporary Restraining Order and Preliminary Injunction prohibiting the crop's destruction during the pendency of the litigation. (JA 64). The Marion

County Court's Order authorized Appellant to harvest and sell the hemp crop and required any proceeds to be held in trust until the litigation's resolution.  Although Appellant harvested the crop, he did not to sell it.  *Pendarvis v. SLED*, 2023 WL 3722239 (S.C. Ct. App. 2023).  This matter too remains pending in the Marion County Court of Common Pleas.

## II.    Procedural History

Unlike the narrow factual background necessary to resolve the instant appeal, the procedural background is, admittedly, tortuous.  However, the lengthy procedural posture of this case is simply a creature of Appellant's design due to the multiple failures to submit a pleading in compliance with the law and the Federal Rules of Civil Procedure.

### A. The Original Complaint

In September 2022, Appellant filed his Complaint.  (JA 12-103).  The Complaint was against 33 different Defendants and comprised of 92 pages, 256 paragraphs, and 101 documents, photographs, transcripts, letters, emails, etc. that were imbedded therein.  *Id.*  The 33 Defendants were state agency individuals with DAG, SLED, DCSO, the Attorney General ("AG") and the Forestry Commission ("Forestry").  Appellant set forth causes of action for (1) a civil rights claim pursuant to 42 U.S.C. § 1983 against 11 Defendants for false arrest and imprisonment, in violation of the Fourth, Eighth, and Fourteenth Amendments to the U.S.

Constitution; (2) a § 1983 claim against 17 Defendants for malicious prosecution, in

violation of the Fourth, Eighth, and Fourteenth Amendments; (3) a claim against all

33 Defendants pursuant to 42 U.S.C. § 1985 for conspiracy to interfere with civil

rights by obstructing justice and denying Appellant his rights and privileges; and (4)

a claim against all 33 Defendants pursuant to 42 U.S.C. § 1986 for "neglect to

prevent conspiracy to interfere with civil rights – obstructing justice [and] denying

[Appellant's] rights and privileges." *Id.*

Following a volley of Motions to Dismiss and/or Motions for More Definite

Statement by Appellees, on February 3, 2023, the Magistrate found the Complaint

did not comply with Rule 8. (JA 104-08). The Magistrate highlighted the

"considerable amount of time" that was required to evaluate the Complaint and the

accompanying motions, and the Magistrate underscored that her "task has been made

extremely difficult by virtue of the fact that the Complaint contains an enormous

amount of information, including embedded evidentiary material, that is

inappropriate in a traditional federal court complaint." (JA 105). The Magistrate

noted on one hand the irrelevance of a large number of paragraphs that dealt

specifically with discovery disputes amongst counsel in the related state court action,

while on the other hand the Complaint's "factual allegations regarding certain

Defendants are confined to only one sentence, notwithstanding that two causes of

action are alleged against all 33 Defendants." (JA 105). After likening Appellant's

Complaint to other similar complaints that had been dismissed in the past, the Magistrate, rather than dismissing, afforded Appellant the opportunity to amend. (JA 107-08).

## B. The Amended Complaint

In February 2023, Appellant filed his Amended Complaint. (JA 109-52). The Amended Complaint named 32 Defendants and consisted of 44 pages with 185 separate paragraphs. *Id.* The Amended Complaint set forth six causes of action: (1) a § 1983 claim against SLED and DCSO Defendants for violation of Appellant's due process rights under the Fourth, Eighth, and Fourteenth Amendments for false arrest/imprisonment; (2) a § 1983 cause of action against AG, SLED, DAG, and Forestry Defendants for violation of Appellant's due process rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments for unreasonable seizure and unlawful taking; (3) a § 1983 cause of action against SLED and DAG Defendants for violation of Appellant's due process rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments for malicious prosecution; (4) a § 1983 cause of action against all Defendants for violation of Appellant's due process rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments for bystander liability for failure to protect; (5) a § 1983 cause of action against all supervisory Defendants for violation of Appellant's due process rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments for supervisory liability; and (6) a § 1983 cause of action against all

Defendants for a conspiracy to violate Appellant's due process rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id.*

Following another volley of Motions to Dismiss and/or Motions for More Definite Statement by Appellees, on August 11, 2023, the Magistrate found the Amended Complaint did not comply with Rules 8 and 10 or its prior Order. (JA 290-303). The Magistrate noted that "although [Appellant] shortened his Amended Complaint to comply with the length limitation . . . , he has done little to bring the Amended Complaint in compliance with Rule 8." (JA 297). In short, the Magistrate found the Amended Complaint was tantamount to a prohibited "shotgun pleading." (JA 290-303). Most of the causes of action made vague references and commingled alleged violations of multiple constitutional amendments with different state law claims. (JA 297-98). Importantly, the Magistrate found that "[t]he main throughline [was] that the Amended Complaint frequently fail[ed] to connect the actions of various individual Defendants to the causes of action and fail[ed] to explain exactly how each individual Defendant [was] implicated by Plaintiff's allegations. Consequently, Defendants do not have 'fair notice' of the claims against them." (JA 300-01). The Magistrate recognized that this was not a pro se litigant who was unfamiliar with the Rules and permitted Appellant "one final opportunity to amend." (JA 301-03).

11

## C. The Second Amended Complaint

In August 2023, Appellant filed his Second Amended Complaint. (JA 304-36). The Second Amended Complaint named 32 Defendants and consisted of 33 pages and 154 separate paragraphs. *Id.* The Second Amended Complaint set forth six causes of action pursuant to § 1983, claiming (1) violations of the Fourth and Fourteenth Amendments to the United States Constitution against various Defendants for unreasonable search and seizure; (2) violations of the Fifth, Eighth, and Fourteenth Amendments against various Defendants; (3) violations of the Fourth and Fourteenth Amendments against various Defendants for malicious prosecution; (4) bystander liability against various Defendants for failure to protect from violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments; (5) supervisor liability against various Defendants for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments; and (6) conspiracy to violate the Fourth, Fifth, Eighth, and Fourteenth Amendments against various Defendants.

Following (yet again) another volley of Motions to Dismiss by Appellees, the Magistrate issued a Report and Recommendation finding that the Second Amended Complaint did not comply with Rule 8, *Twombly* and *Iqbal*, nor its two prior Orders. (JA 290-303). The Magistrate found "there is no section of factual allegations at all" and "[i]n stripping out all of the factual allegations . . . only legal conclusions—couched as factual allegations—remain." (JA 343). Because the Second Amended

Complaint superseded the Complaint and Amended Complaint, the Magistrate explained that it was incumbent for Appellant to set forth specific factual allegations. (JA 345-46). Accordingly, the Magistrate recommended that the Motions to Dismiss be granted and that the Second Amended Complaint be dismissed without prejudice for failure to state a claim. (JA 348). The Magistrate alternatively recommended that Appellant be allowed to file a Third Amended Complaint. (JA 348).

Appellant timely filed his objections to the Magistrate's Report and Recommendation. (ECF No. 95). These objections were extremely narrow. Appellant did not allege in his objections any error committed by the Magistrate with respect to the decisions concerning the Complaint or the Amended Complaint. *Id.* And as to the Second Amended Complaint, his only specific objection was that the Court should adopt the Magistrate's alternative recommendation and permit him to file a Third Amended Complaint. *Id.* A copy of a proposed Third Amended Complaint was included with Appellant's objections. *Id.*; (JA 350-88).

The District Court, applying a *de novo* review, adopted the Magistrate's Report and Recommendation and dismissed the Second Amended Complaint without prejudice. (JA 389-96). The District Court ruled: "Here, after a careful, *de novo* review, the Court fully agrees with the Magistrate Judge's thorough analysis of the issues and finds no error in her determination that Plaintiff's second amended complaint fails to comply with Rules 8 and 12 of the Federal Rules of Civil

Procedure; fails to adhere to the standards set forth in *Twombley* and *Iqbal*; and fails to follow the clear directives provided to [Appellant] in prior orders."  (JA 395).

*      *      *

Following the District Court's Order dismissing the Second Amended Complaint without prejudice, Appellant timely filed his Notice of Appeal.  (JA 398). Appellant's Notice of Appeal is limited to the June 7, 2024 Order, and it makes no mention of an appeal of the Magistrate's Orders dated February 3, 2023, and August 11, 2023.  *Id.*

## STANDARD OF REVIEW

Appellant asserts that "[a]ll of the orders in this appeal are reviewed *de novo*." (App. Br. at 24).  Not so.  Arguably, abuse of discretion is the appropriate standard of review for all of the orders in this appeal.

### I.      Fed. R. Civ. P. 12(b)(6)

Although this Court "generally reviews an order dismissing a complaint for failure to state a claim upon which relief can be granted *de novo*, . . . when that decision is based on a plaintiff's failure to comport with Rule 8(a), we review the district court's decision for abuse of discretion."  *North Carolina v. McGuirt*, 114 Fed. Appx. 555, 558 (4th Cir. 2004) (per curiam) (citing *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000); *In re Westinghouse*, 90 F.3d 696, 702 (3d Cir. 1996); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217

14

(3d ed. 2004)).

## II.    Fed. R. Civ. P. 12(e)

"Whether a motion for a more definite statement should be granted is a matter 'generally left to the district court's discretion.'" *Gleichauf v. Ginsberg*, 859 F. Supp. 229, 233 (S.D. W.Va. 1994) (citing *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973)).  Accordingly, orders for a more definite statement under Fed. R. Civ. P. 12(e) are reviewed for abuse of discretion.  *See Thomas v. Olshausen,* 316 F. Appx. 264, 264–65 (4th Cir. 2009) (holding "no abuse of discretion" by the district court for denying a motion for a more definite statement); *United States v. Under Seal*, 853 F.3d 706, 725 (4th Cir. 2017) (noting that this Court "review[s] a district court's decision on matters of discretion for abuse of discretion").  Thus, reversal is appropriate if the Court "form[s] 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (citing *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)).

## III.    Fed. R. Civ. P. 15

This Court "review[s] the denial of a motion to amend a complaint under the deferential abuse of discretion standard." *Equal Rights Ctr. V. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).  "Although leave to amend should be freely given

when justice so requires, a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011) (quoting *Equal Rights Ctr.*, 602 F.3d at 603)).

## SUMMARY OF ARGUMENT

Appellant was afforded multiple opportunities to submit a pleading that complied with well-established pleading requirements and prior orders of the Magistrate. Yet the Complaint was extremely verbose, included copious amounts of embedded evidentiary issues, failed to state any factual allegations with respect to several Appellees, and failed to direct the Court and Appellees to which factual allegations supported his causes of action. The Amended Complaint was a textbook prohibited "shotgun pleading" that made vague allegations against "Defendants" and failed to provide the individual Appellees with requisite notice of the specific actions they were alleged to have committed that gave rise to Appellant's causes of action. Similarly, the Second Amended Complaint failed to include any factual support other than conclusory allegations and threadbare recitations of the elements of his causes of action. It was not incumbent upon the Court and Appellees to consider the Second Amended Complaint alongside the Complaint, Amended Complaint, and other various filings in the case. Indeed, it is well-established that an amended pleading completely supersedes a prior pleading and renders any prior pleading "no

16

effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001).

It certainly was not an abuse of discretion for the Magistrate to grant Appellees' Motions for More Definite Statement in light of the clear deficiencies present in the Complaint and the Amended Complaint. And whether pursuant to an abuse of discretion or *de novo* review, it was not error for the District Court to dismiss the Second Amended Complaint without prejudice. Moreover, Appellant's request to amend the Second Amended Complaint came too late, and the District Court did not abuse its discretion by not affording Appellant a fourth attempt to plead his case. The District Court was correct to reject amendment in light of Appellant's failure to comply with prior orders of the Magistrate, Appellant's undue delay in requesting another amendment, and the clear prejudice such an amendment would impart upon Appellees.

At bottom, the Magistrate and the District Court did not err, and this Court should respectfully affirm.

## ARGUMENT

Appellant asks this Court to review three Orders: (1) the Magistrate's Order dated February 3, 2023; (2) the Magistrate's Order dated August 11, 2023; and (3) the District Court's Order dated June 7, 2024. However, Appellees submit that the District Court's June 7, 2024 Order is the only Order properly before this Court. Regardless, whether this Court addresses Appellant's issues on procedural grounds

or on the merits, all of Appellant's arguments fail. For sake of readability, Appellees will address the issues in this appeal as framed by Appellant.

## I. The Complaint and Amended Complaint failed to comply with Rules 8 and 10.

### A. Procedural Bar

The Magistrate's Orders requiring Appellant to amend his Complaint and Amended Complaint are not properly before this Court for review. On October 19, 2023, the Magistrate issued her Report and Recommendation with respect to the sufficiency of the Second Amended Complaint. (JA 337-49). In her Report and Recommendation, the Magistrate discussed her prior Orders granting Appellees' Motions for More Definite Statements, stemming from the inadequacies of both the Complaint and Amended Complaint. *Id.* Although Appellant filed a narrow objection to the Magistrate's Report and Recommendation (requesting the ability to file a Third Amended Complaint), nowhere did Appellant argue to the District Court that the Complaint and the Amended Complaint were proper pleadings. (ECF No. 95).

Because these issues were not objected to and were never in front of the District Court, Appellant is barred from seeking this Court's review. *See, e.g.*, *Ballenger v. Owens*, 515 Fed. Appx. 192, 194 (4th Cir. 2013) ("The law of our circuit is clear: '[A] party . . . waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues.'" (quoting

*United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)); *Midgette*, 478 F.3d at

622 ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must

object to the finding or recommendation on that issue with sufficient specificity so

as reasonably to alert the district court of the true ground for the objection.").[1]

## B. Merits

As to the merits, Appellant argues that the Magistrate erred in granting

Appellees' Motions for More Definite Statements because the Complaint and

Amended Complaint complied with both Rules 8 and 10.   (App. Br. 27-31).

However, both iterations did not.  The Magistrate did not abuse her discretion in

granting Appellees' Motions.

"A party may move for a more definite statement of a pleading to which a

responsive pleading is allowed but which is so vague or ambiguous that the party

cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

Rule 8(a) requires a pleading to set forth "a short and plain statement of the

claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

Moreover, pursuant to Rule 8(d), "[e]ach allegation must be simple, concise, and

direct."  Fed. R. Civ. P. 8(d)(1).  And Rule 10(b) requires that parties state claims or

---

[1] Additionally, as noted above, Appellant did not designate the Magistrate's February 3 and August 11, 2023 Orders in his notice of appeal. See Fed. R. App. P. 3(c)(1)(B) (stating the notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken").

defenses "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these Rules can warrant dismissal, and these Rules can be violated when a pleading says "too little" or when a pleading says "too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

This simplified notice pleading standard requires a statement that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation omitted), and frames the issues with the basis for "informed pretrial proceedings," *In re SCANA Corp. Sec. Litig.*, 2019 WL 1427443 (D.S.C. 2019). "[T]his notice function . . . represents the core of the pleading process under the federal rules." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1215, at 173-74 (3d. ed. 2004). Pleadings setting forth claims pursuant to 42 U.S.C. § 1983, must set forth how "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Here, the Complaint was brought against 33 different Defendants and comprised of 92 pages, 256 paragraphs, and 101 documents, photographs, transcripts, letters, emails, etc. that were imbedded therein. (JA 12-103). The Complaint essentially read like a summary judgment or pretrial brief, complete with countless detailed evidentiary and discovery references. None of this was necessary

for Appellant to set forth a "short and plain statement" of the pertinent facts as required by the Rules. Indeed, many of the factual references were irrelevant to Appellant's causes of action and presented the Magistrate and Appellees with a herculean task to even attempt to respond accordingly and frame the issues for organized pretrial proceedings.

The Magistrate was not required—nor should she have been required—to spend "a considerable amount of time" reviewing the Complaint which was "made extremely difficult by virtue of the fact that the Complaint contain[ed] an enormous amount of information, including embedded evidentiary material, that [was] inappropriate in a traditional federal court complaint." (JA 105); *see also Estate of Valentine ex rel. Grate v. South Carolina*, 2018 WL 11383502, at *1 (D.S.C. Nov. 28, 2018). In addition, the Magistrate took issue with the fact that within each individual cause of action, there was insufficient facts (other than conclusory statements) as to how each Appellee's actions satisfied the elements of the causes of action alleged. (JA 106). She also correctly noted (with case law to support her observation) that—"While Plaintiff's Complaint makes numerous factual allegations against certain Defendants, it makes almost no factual allegations against others, yet vaguely refers to all 'Defendants' in the paragraphs pled under the § 1985 and § 1986 causes of action, making it difficult 'to figure out what legally sufficient claim the plaintiff[] [is] making and against whom [he is] making it.'" (JA 106)

(citation omitted). The Magistrate did not abuse her discretion in granting Appellees' Motions for More Definite Statement with respect to the Complaint.

Turning to the Amended Complaint, the Amended Complaint named 32 Defendants and consisted of 44 pages with 185 separate paragraphs. (JA 109-52). It also attached numerous pages of exhibits to the Amended Complaint. (JA 153-289). However, the Amended Complaint equated to a textbook "shotgun pleading" far outside of the realm envisioned by the federal rules.

> A complaint constitutes an impermissible shotgun pleading if it asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against; the problem with this kind of pleading is that it fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests in violation of the requirement that a plaintiff provide a short and plain statement of the claim.

*Impermissible Shotgun Pleading*, 4 Cyc. of Federal Proc. § 14:36 (3d ed.); *see also Alexander v. S.C. Dep't of Transp.*, 2021 WL 2635446, at *2 (D.S.C. June 25, 2021) ("Not only do [impermissible shotgun pleadings] of this sort fail to apprise the opposing party of the particular claims against it (and the potential extent of its liability), they also water down the rights of parties to have valid claims litigated efficiently and waste scarce judicial resources." (citation and internal quotation marks omitted)).

The Magistrate correctly identified the Amended Complaint as an impermissible shotgun pleading and found that although Appellant "shortened his

Amended Complaint," "he has done very little to bring the Amended Complaint into compliance with Rule 8" and "has [instead] created new issues." (JA 290-303). The Magistrate's Order called directly to Appellant's attention multiple errors, but "[t]he main throughline [was] that the Amended Complaint frequently fails to connect the actions of various individual [Appellees] to the causes of action and fails to explain exactly how each individual [Appellee] is implicated by [Appellant's] allegations." *Id.* Importantly, the Magistrate concluded that the Amended Complaint did not provide "fair notice" to Appellees of the claims against them. (JA 301). Accordingly, the Magistrate did not abuse her discretion in granting Appellees' Motions for More Definite Statement and by affording Appellant with "one final opportunity to amend." (JA 301).

Appellant wants this Court to believe that the Complaint and Amended Complaint were rejected by the Magistrate simply because they were too long. (App. Br. 27-31). He cites case law that stands for the proposition that district courts should be hesitant to <u>dismiss</u> pleadings because of prolixity or irrelevant matters. (App. Br. 27-28). But these arguments fail. *First*, the Magistrate did not <u>dismiss</u> Appellant's case with respect to the errors contained in the Complaint and Amended Complaint. *Second*, the length of the Complaint and Amended Complaint was but a part of the reasoning behind the Magistrate's grant for more definite statements. It was not Appellant's "only sin." *See generally Davis v. Ruby Foods, Inc.*, 269 F.3d

818, 821 (7th Cir. 2001) ("Were plaintiffs' confessed overdrafting their only sin, we would be inclined to agree that dismissal was an overly harsh penalty." (citation omitted)). On top of the length and the embedded evidentiary material, there were grave shortcomings with respect to Appellant providing sufficient notice to each individual Appellee as to what they were being called upon to defend. To be sure, the Complaint and Amended Complaint both failed to identify within the appropriate causes of action the specific Appellees' actions that gave rise to the causes of action. All of this is mandatory in a § 1983 lawsuit.

Appellant also makes the bold assertion that omitting "evidentiary matters" from a complaint is a "practical impossibility." (App. Br. 29). This is a nonstarter. As noted in the Magistrate's Report and Recommendation, the DAG Appellees delineated exactly how evidentiary matters can be pled as specific factual allegations. (JA 346-47). Finally, Appellant makes fleeting comment that Appellees are "incentivized to delay this matter" to avoid discovery. (App. Br. at 31 n.4). Not true. This red herring ignores the fact that discovery has been ongoing in both the Dorchester County and Marion County state court matters (which involve the exact same matters alleged here).

Accordingly, the Magistrate did not abuse its discretion in granting Appellees' Motions for More Definite Statement with respect to the Complaint and Amended Complaint. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 131 (5th Cir. 1959)

("[I]f an obdurate plaintiff suffers a punitive dismissal for failure to comply with an order granting a motion for more definite statement, the party complaining will have the *heavy burden* of demonstrating an abuse . . . [of] discretion." (emphasis added)).

## II. The Second Amended Complaint failed to comply with Rule 8, *Twombly/Iqbal*, and the Magistrate's prior Orders, and Appellees and the District Court were not charged with considering the Second Amended Complaint in "context."

### A. Procedural Bar

Appellant has failed to preserve this issue for the Court's review. As noted above, Appellant filed objections to the Magistrate's Report and Recommendation requesting that the District Court adopt the Magistrate's alternative recommendation to allow him to file a Third Amended Complaint. (ECF No. 95). Nowhere in his objections does Appellant make the argument that the Magistrate should have considered the Second Amended Complaint in "context." *Id.* At most, Appellant sets forth a single sentence attempting to reincorporate by reference all of the arguments contained in 5 different briefs that were previously filed in opposition to Appellees' Motions to Dismiss. *Id.* This is far from the "specific objections" that are required to be made by a party to preserve an issue for the District Court's and this Court's review. *See, e.g.*, *United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984) (holding that failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge).

## B. Merits

Appellant does very little, if anything, to defend the sufficiency of the Second Amended Complaint. (App. Br. 31-32). Nor could he.

The Second Amended Complaint fails to comply with Rule 8 as it is completely devoid of the requisite factual allegations sufficient to state a claim that is plausible on its face. There is no "Facts" Section in the Second Amended Complaint, and despite drafting separate paragraphs therein as to each cause of action (giving cursory mention of the individual Appellees), the allegations are nothing more than threadbare recitals of the elements of a cause of action. It is exactly the sort of "unadorned, the-defendant-unlawfully-harmed-me" pleading without any "factual enhancement" that the *Iqbal* Court made clear does not comply with Fed. R. Civ. P. 8. *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."). Simply put, the Second Amended Complaint lacks sufficient factual detail and does nothing more than leave Appellees guessing at what all 32 of them will need to defend.

Rather than defend the clearly deficient Second Amended Complaint, Appellant argues that the District Court erred by not considering the Second Amended Complaint with "context." (App. Br. 31-32). In other words, Appellant

wants this Court's blessing that the District Court and Appellees were charged with excising and ciphering various undefined portions of the Complaint, Amended Complaint, Second Amended Complaint, and various opposition briefs submitted by Appellant. *Id.* He makes this request without citation to any case law—from any jurisdiction—that supports his position. He contends that because prior filings are public record, the District Court and Appellees were required to read the entire docket when determining whether the Second Amended Complaint complied with Rule 8 and the pleading standards set forth in *Twombly* and *Iqbal*. *Id.* However, case law makes clear that previous versions of a pleading are superseded by the filing of a new pleading and have no legal effect. *See, e.g.*, *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'").

Whether under an abuse of discretion or *de novo* review, it is clear that the District Court did not commit error in dismissing the Second Amended Complaint.

**III.   The District Court did not err by refusing to adopt the Magistrate's alternative recommendation to permit Appellant a fourth opportunity to submit a proper pleading.**

**A. Procedural Bar**

In issuing her Report and Recommendation with respect to the Second Amended Complaint, the Magistrate recommended that the Second Amended

Complaint be dismissed without prejudice, or, in the alternative, that Appellant be permitted to file a Third Amended Complaint. (JA 348). Appellant now seizes on this alternative recommendation, and he contends that the District Court erred by not going with the alternative. (App. Br. 33-35). In doing so, he frames the appellate issue as one akin to the denial of a Motion to Amend. *Id.* However, because there was never a formal Motion to Amend filed in this case by Appellant, Appellees would submit that this issue is not properly preserved. Moreover, Appellant only raised this argument in his objections to the Report and Recommendation. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.").

### B. Merits

Again, Appellant argues the District Court erred by not adopting the Magistrate's alternative recommendation that he be permitted to file a Third Amended Complaint. (App. Br. 33-35). He contends that justice requires him to be given yet another opportunity to submit a valid pleading. *Id.* However, this argument falls flat; the District Court did not abuse its discretion by declining to award Appellant a fourth bite of the apple.

At this juncture of the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

And courts are encouraged "to freely give leave when justice so requires." *Id.* However, this is not an absolute. Although there is a presumption that a plaintiff should have an opportunity to test a claim on the merits, this presumption may be overcome if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This Court can affirm the District Court's decision to decline the filing of the Third Amended Complaint for any of several reasons.

*First*, the District Court did not abuse its discretion in declining amendment because of Appellant's repeated failure to cure deficiencies by amendments previously allowed. Indeed, Appellant was afforded the opportunity to file his Complaint, Amended Complaint, and Second Amended Complaint. Appellant was also given guidance from the Magistrate in two prior Orders as to how he could bring his pleadings into conformity with the Federal Rules; however, he squandered this opportunity. *See, e.g.*, *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053 (7th Cir. 2019) ("Here, the plaintiffs failed to remedy the deficiencies in their pleadings despite having been given multiple opportunities to do so. This is a valid basis for denying a motion for leave to amend the complaint and we will not disturb the district court's ruling."); *Thompson v. Illinois Dep't of Prof'l Regulation*, 300

F.3d 750, 759 (7th Cir. 2002) (holding district court did not abuse its discretion when plaintiff failed to cure deficiencies that persisted from the first amended complaint after given multiple chances to amend after motions to dismiss were filed); *Emery v. Am. Gen. Fin. Inc.*, 134 F.3d 1321, 1322–23 (7th Cir. 1998) (holding that although the complaint could have been cured, the plaintiff had three chances over the course of three years to state a claim and the district judge was not required to provide plaintiff another opportunity to amend); *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 147 (2d Cir. 2020) ("It seems to us to be self-evident that a plaintiff afforded attempt after attempt — and consequently, additional time to investigate — might one day succeed in stating a claim. But the federal rules and policies behind them do not permit such limitless possibility.").

*Second*, the District Court did not abuse its discretion in declining amendment because of Appellant's undue delay.  Appellant never formally filed a Motion to Amend.  Rather, he waited to request amendment after receiving the Magistrate's primary recommendation that the case be dismissed.  Courts have not looked fondly to litigants waiting to request amendment whenever a recommendation of dismissal is pending.  *See, e.g.*, *Hanson v. 3M Co.*, 2017 WL 2779488, at *1 (W.D.N.C. June 27, 2017) ("Plaintiff's request is not well-taken. . . .  The Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend her Amended Complaint."); *Bailey v. Polk County*, 2011 WL 4565449, at *4

30

(W.D.N.C. Sept. 29, 2011) (explaining that to permit amendment after a magistrate's recommendation "would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion").

*Finally*, the District Court did not abuse its discretion in declining amendment because of the undue prejudice such amendment would cause Appellees. The Complaint, against 32 individual Appellees, was filed more than two years ago. Appellees have gone through the time and expense of having to fully brief dispositive motions on multiple occasions due to Appellant's failure to conform to well-established pleading requirements. *See Bailey*, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011) (noting in its analysis the time and expense required in briefing motions to dismiss); *Outer Banks Beach Club Ass'n, Inc. v. Festiva Resorts Adventure Club Member's Ass'n, Inc.*, 2012 WL 4321327, at *4 (W.D.N.C. Sept. 20, 2012) (same).

Therefore, the District Court did not abuse its discretion by not adopting the Magistrate's alternative recommendation.

## IV. Should this Court disagree with the above arguments, as an alterative sustaining ground, Appellees are entitled to qualified immunity, even at this early stage of the proceedings.

Although the District Court did not rule on the merits of Appellees' qualified immunity argument, this Court can affirm the District Court's result based on a

finding of qualified immunity. *See United States v. Smith,* 395 F.3d 516, 519 (4th Cir. 2005) (In affirming the holding of the district court, "[w]e are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record.") (citation omitted).

The United States Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), set forth objective standards for the utilization of the qualified immunity defense and gave specific benchmarks to the judiciary in determining when to protect public officials from undue interference with the exercise of their official duties. In setting forth its guidelines, the Supreme Court ruled "government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person should have known." *Id.* at 818. The Court further held that "[r]eliance on the objective reasonableness of an official's conduct is measured by reference to clearly established law, and should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Id.* Decisions on a qualified immunity defense should be made as soon as practicable, or the immunity it provides is inherently lost. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526,

32

105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985).

Subsequently, the Supreme Court held in *Anderson v. Creighton*, 483 U.S. 635 (1987), that a court must look for the "'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Id.* at 639. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . . [This] is to say that in the light of preexisting law the unlawfulness must be apparent." *Id.* at 640.

In *Torchinsky v. Siwinski*, the Fourth Circuit explained the rationale for qualified immunity:

> The grant of qualified immunity to government officials ensures that these officials can perform their duties free from the specter of endless and debilitating lawsuits. Without such an immunity, the operations of government would be immobilized. Permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.

942 F.2d 257, 260-61(4th Cir. 1991) (citations omitted).

The *Torchinsky* Court held that an official's entitlement to qualified immunity is based upon an "objective reasonableness" standard. "The very idea of reasonableness requires that courts accord interpretive latitude to official judgments." 942 F.2d at 261 (citing *Sevigny v. Dicksey*, 846 F.2d 953 (4th Cir. 1988)). "If reasonable mistakes were actionable, difficult questions of discretion

33

would always be resolved in favor of inaction, and effective law enforcement would be lost." *Torchinsky*, 942 F.2d at 261.  Importantly, this Court further explained that "[t]he police must be held to standards of reasonableness, not to standards of perfection.  A society that expects police officers to provide protection must afford them in turn some protection from lawsuits." *Id.* at 264.

In determining whether an individual defendant is entitled to qualified immunity, this Court engages in a two-step process as set forth in *Saucier v. Katz*, 533 U.S. 194 (2001).  The Court must first determine "whether a constitutional right would have been violated on the facts alleged." *Id.* at 200.  If the facts viewed in a light most favorable to the plaintiff do not establish a constitutional violation, the inquiry ends, and the plaintiff cannot prevail. *Parrish v. Cleveland*, 372 F.3d 294, 301 (4th Cir. 2004).  "Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." *Bailey v. Kennedy*, 349 F.3d 731, 739 (4th Cir. 2003).

Here, assuming for the sake of argument that Appellant has demonstrated a constitutional violation (which, he has not), Appellees are nevertheless entitled to qualified immunity.  The Hemp Act is a new law in South Carolina.  And, as candidly admitted in Plaintiff's Second Admitted Complaint, the Hemp Act is "unclear."  (JA 329).  Appellees are individuals charged with the administration and enforcement of

34

the Hemp Act, and they did so to the best of their ability. Even assuming Appellees'
interpretation of the Act was incorrect, that does not deprive them of qualified
immunity. *See Campbell v. Florian*, 972 F.3d 385, 397-98 (4th Cir. 2020) (holding
the Plaintiff failed to make out a violation of the Eighth Amendment because the
defendant's attorney acted reasonably when he interpreted the Omnibus Act—even
though a court later disagreed).

*Clearly established*, *sufficiently clear*, *beyond debate*, and *apparent*—the use
of these terms by federal courts across the country makes certain that the law
governing the constitutional question must be clear in order for qualified immunity
to not apply to the reasonable acts of a governmental official. At most, should a
Court determine that Appellees' interpretation of the Hemp Act was incorrect, this
would constitute a "bad guess in a gray area" on behalf of Appellees and illustrates
a situation in which the doctrine of qualified immunity was designed to protect from
personal liability. *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013). Because the
Hemp Act is new legislation and because Appellees acted reasonably in carrying out
their duties pursuant to the Hemp Act, qualified immunity applies.

## CONCLUSION

Accordingly, the decisions of the Magistrate and District Court should be affirmed.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees submit that this case can be decided without Oral Argument as the Orders on appeal all address well-established federal law. That being said, Appellees are more than willing to have Oral Argument in this matter should the Court determine it would aid its decision making process.

RESPECTFULLY SUBMITTED BY:

_s/ William Henry Davidson, II_
William Henry Davidson, II
Davidson Wren and DeMasters PA
1611 Devonshire Drive
2nd Floor
PO Box 8568
Columbia, SC 29202-8568
803-806-8222
_Counsel for Defendant-Appellees Hugh E. Weathers, Alden G. Terry, Derek M. Underwood, J. Clint Leach, Aaron Wood, John Stokes, Vanessa Elsalah, Brittany Jeffcoat, and Eva Moore_

_s/ Daniel C. Plyler_
Daniel C. Plyler
Austin Tyler Reed
Frederick Newman Hanna, Jr.
Smith Robinson Holler DuBose and Morgan, LLC
3200 Devine Street
Columbia, SC 29205
803-254-5445
_Counsel for Defendant-Appellees Mark A. Keel, Adam L. Whitsett, Frank O'Neal, Jason Wells, Glenn Wood, John Neale, and Rhett Holden_

<u>*s/ G. Wade Cooper*</u>
G. Wade Cooper
Jeffrey Herman Lappin
Buyck Law Firm, LLC
PO Box 2424
Mt Pleasant, SC 29465
843-377-1400
*Counsel for Defendant-Appellees L.C.*
*Knight, Ray Dixson, Frank Thompson, and*
*Robert Krutak*

<u>*s/ Michael Hart Montgomery*</u>
Michael Hart Montgomery
Montgomery Willard
PO Box 11886
Columbia, SC 29211
803-779-3500
*Counsel    for    Defendant-Appellees*
*Jonathan Calore, Charlie Scrubbs, and*
*Wayne Eaddy*

January 10, 2025

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

No. 24-6654      Caption: Pendarvis v. Wilson, et al.

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

> **Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

> **Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2) & 40(d)(3).

> **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6). Sans-serif type, such as Arial, may not be used except in captions and headings.

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓] this brief or other document contains **approx 7,955** [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓] this brief or other document has been prepared in a proportionally spaced typeface using
Microsoft Word_____ [*identify word processing program*] in
Times New Roman, 14pt_____ [*identify font, size, and type style*];

**or**

[ ] this brief or other document has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font, size, and type style*].

**NOTE: The Court's preferred typefaces are Times New Roman, Century Schoolbook, and Georgia. The Court discourages the use of Garamond.**

(s) Daniel C. Plyler_____

Party Name SLED Appellees_____      Date: 01/10/2025_____

12/09/2024 NA/MEO

USCA4 Appeal: 24-6654      Doc: 31      Filed: 01/10/2025      Pg: 48 of 48