**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6654

JOHN TRENTON PENDARVIS,

          Plaintiff - Appellant,

    v.

ALAN M. WILSON, Attorney General; MARK A. KEEL, Chief of SLED; HUGH E. WEATHERS, Commissioner of South Carolina Department of Agriculture; L. C. KNIGHT, Sheriff of Dorchester County Sheriff's Office; W. JEFFREY YOUNG, Chief Deputy of South Carolina Attorney General's Office; ROBERT D. COOK, Solicitor General; EMORY SMITH, JR., Deputy Solicitor General; DAVID S. JONES, Assistant Attorney General; T. STEPHEN LYNCH, Deputy Attorney General; HARLEY L. KIRKLAND, Assistant Attorney General; WESLEY VORBERGER, Assistant Attorney General; ROBERT KITTLE, Communications Director of SCAG; ADAM L. WHITSETT, General Counsel for SLED; FRANK O'NEAL, Major for SLEDs Narcotics, Alcohol and Vice services; JASON WELLS, Captain for SLEDs Narcotics division; GLENN WOOD, Lieutenant for SLED; JOHN NEALE, Agent/employee of SLED; RHETT HOLDEN, Agent/employee of SLED; ALDEN G. TERRY, General Counsel for DAG; DEREK M. UNDERWOOD, Assistant Commissioner of DAGs Consumer Protection Division; J. CLINT LEACH, Assistant Commissioner of DAGs External Affairs & Economic Development Division; AARON WOOD, Assistant Commissioner of DAGs Agency Operations Division; JOHN STOKES, Program Manager of DAGs Consumer Protection Division; VANESSA ELSALAH, Coordinator of DAGs Hemp Program; BRITTANY JEFFCOAT, Coordinator in DAGs Consumer Protection Division; EVA MOORE, Communications Director for DAG; RAY DIXSON, Captain for DCSO; FRANK THOMPSON, Lieutenant for DCSO; ROBERT KRUTAK, Deputy Sheriff for DCSO; JONATHAN CALORE, Supervisory agent/employee; CHARLIE SCRUBBS, Agent/employee with the S.C. Forestry Commission; WAYNE EADDY, Agent/employee with the S.C. Forestry Commission,

          Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Bruce H. Hendricks, District Judge. (2:22-cv-03142-BHH)

Argued: December 12, 2025                                  Decided: February 10, 2026

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished opinion. Judge Quattlebaum wrote the opinion, in which Judge Wilkinson and Judge Richardson joined. Judge Wilkinson wrote a concurring opinion.

**ARGUED:** Jason Scott Luck, Bennettsville, South Carolina, for Appellant. Daniel C. Plyler, SMITH ROBINSON HOLLER DUBOSE & MORGAN, LLC, Columbia, South Carolina, Eugene Matthews, RICHARDSON PLOWDEN & ROBINSON, PA, Columbia, South Carolina, for Appellees. **ON BRIEF:** Patrick James McLaughlin, WUKELA LAW FIRM, Florence, South Carolina; Charles Bradley Hutto, WILLIAMS AND WILLIAMS, Orangeburg, South Carolina, for Appellant. William Henry Davidson, II, DAVIDSON WREN AND DEMASTERS PA, Columbia, South Carolina, for Appellees Hugh E. Weathers, Alden G. Terry, Derek M. Underwood, J. Clint Leach, Aaron Wood, John Stokes, Vanessa Elsalah, Brittany Jeffcoat, and Eva Moore. Austin Tyler Reed, Frederick Newman Hanna, Jr., SMITH ROBINSON HOLLER DUBOSE AND MORGAN, LLC, Columbia, South Carolina, for Appellees Mark A. Keel, Adam L. Whitsett, Frank O'Neal, Jason Wells, Glenn Wood, John Neale, and Rhett Holden. G. Wade Cooper, Jeffrey Herman Lappin, BUYCK LAW FIRM, LLC, Mt. Pleasant, South Carolina, for Appellees L.C. Knight, Ray Dixson, Frank Thompson, and Robert Krutak. Michael Hart Montgomery, MONTGOMERY WILLARD, Columbia, South Carolina, for Appellees Jonathan Calore, Charlie Scrubbs, and Wayne Eaddy.

Unpublished opinions are not binding precedent in this circuit.

QUATTLEBAUM, Circuit Judge:

John Pendarvis, a hemp farmer, sued over 30 officials in various agencies in the South Carolina government, alleging they conspired to violate his constitutional rights by unlawfully arresting him and destroying his crop. But after extensive motion practice and amendments, his operative complaint failed to adequately plead Article III standing. So, we vacate and remand with instructions for the district court to dismiss without prejudice for lack of jurisdiction.

I.

Pendarvis' original complaint was 92 pages and alleged 4 causes of action against 33 defendants. It included embedded exhibits, screenshots from the internet, emails and letters. Defendants filed 7 motions, arguing that the court should either dismiss the complaint or require Pendarvis to file a new complaint complying with the requirements of Rule 8.[1] In response, Pendarvis argued that his complaint was proper but requested leave to amend, rather than dismissal, in the event the magistrate judge found any deficiencies.

The magistrate judge ordered Pendarvis to file an amended complaint. She "note[d] that while more than 18 paragraphs in the Complaint detail the minutia of discovery disputes between counsel in a state civil action, the Complaint's factual allegations regarding certain Defendants are confined to only one sentence, notwithstanding that two causes of action are alleged against all 33 Defendants." J.A. 105. She determined that "the

---

[1] Rule 8 requires that a pleading state "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2).

3

most feasible course of action [was] to grant P[endarvis'] request for leave to file an amended complaint" pursuant to Rule 15. J.A. 107. Thus, she ordered Pendarvis to file an amended complaint that would comply with Rule 8 and which could not exceed 45 pages in length and could not include embedded evidence.

Pendarvis then filed an amended complaint. In this 44-page version, he asserted 6 causes of action against 32 defendants. Defendants again moved for dismissal, and some defendants alternatively moved for an order that Pendarvis amend his complaint again under Rule 12(e). Once again, the magistrate judge found Pendarvis' pleading was inadequate, and she ordered that Pendarvis do it over.

Pendarvis then filed his second amended complaint, which made this pleading his operative complaint. In this version, Pendarvis maintained 6 causes of action under 42 U.S.C. § 1983, alleging defendants violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. But this complaint contained only conclusory statements alleging defendants violated each element of those causes of action.

Defendants, once again, moved to dismiss Pendarvis' second amended complaint. This time, rather than ordering Pendarvis to file a new complaint, the magistrate judge issued a report and recommendation that the district court dismiss Pendarvis' second amended complaint without prejudice. She explained that, by stripping out all factual allegations, Pendarvis rendered his second amended complaint deficient under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), because the only allegations remaining were conclusory statements that did not give any indication of the facts. Moreover, the magistrate judge noted that, to the extent

4

the second amended complaint referenced allegations in Pendarvis' prior pleadings, those prior pleadings were null.

Pendarvis objected to the magistrate judge's R&R. He urged the district court to adopt the magistrate judge's alternative recommendation that he be allowed to amend his complaint again. And Pendarvis attached a proposed third amended complaint to his objection..

The district court adopted the magistrate judge's R&R and dismissed Pendarvis' second amended complaint without prejudice. The court outlined the history of Pendarvis' prior pleadings and ultimately found that his latest pleading "fail[ed] to comply with Rules 8 and 12 of the Federal Rules of Civil Procedure; fail[ed] to adhere to the standards set forth in [*Twombly*] and *Iqbal*; and fail[ed] to follow the clear directives provided to P[endarvis] in prior orders." J.A. 395. And it found that dismissal without prejudice was appropriate under these circumstances.

Pendarvis noticed a timely appeal of the district court's order.[2] Despite swinging and missing three times, he argues on appeal that the district court should have afforded him a fourth swing of the bat.

---

[2] Because the district court did not provide Pendarvis leave to amend when it dismissed his second amended complaint without prejudice, the district court's decision was final and appealable. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) ("[W]hen a district court dismisses a complaint or all claims without providing leave to amend, . . . the order dismissing the complaint is final and appealable."). Thus, we have appellate jurisdiction to review the district court's final order pursuant to 28 U.S.C. § 1291.

## II.

We have an independent obligation to ensure we have jurisdiction. *Design Gaps, Inc. v. Shelter, LLC*, 130 F.4th 143, 146 (4th Cir. 2025). Our obligation includes determining whether the plaintiff has standing under Article III of the United States Constitution. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Benham v. City of Charlotte*, 635 F.3d 129, 134 (4th Cir. 2011) ("When a question of standing is apparent, but was not raised or addressed in the lower court, it is our responsibility to raise and decide the issue sua sponte."). To satisfy this requirement at the pleading stage, Pendarvis must allege facts that give rise to the inference that he has standing. *See Lujan*, 504 U.S. at 561. This means his factual allegations must support a finding that (1) he suffered an injury in fact (2) that is fairly traceable to defendants' unlawful conduct and (3) for which the court can likely provide some redress. *Id.* at 560–61. And much like when we assess whether a plaintiff has stated a claim under Rule 12(b)(6), we examine whether a plaintiff has alleged standing by disregarding "allegations in the complaint labeled as fact but that constitute nothing more than 'legal conclusions' or 'naked assertions.'" *David v. Alphin*, 704 F.3d 327, 333 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

Pendarvis' second amended complaint did not allege facts supporting standing.[3] It contained only conclusory allegations that he suffered an injury in fact fairly traceable to

---

[3] Pendarvis seems to believe we can consider the factual allegations he put forward in his original complaint or his first amended complaint. But that would be inconsistent with precedent. Once a plaintiff amends his complaint, the previous version of that pleading is dead and "no longer performs any function in the case." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (quoting 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1476, pp. 636–637 (3d ed. 2010)).

6

defendants' unlawful conduct for which the court could provide redress. Because Pendarvis failed to plead the elements of standing, the district court lacked jurisdiction to dismiss on the merits. Thus, we must vacate the district court's order and remand for the district court to dismiss without prejudice for lack of jurisdiction. *See Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 566 (4th Cir. 2024) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." (quoting *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013))); *Benham*, 635 F.3d at 134 ("If an appellate court determines that the district court lacked jurisdiction, vacatur of the district court's ruling, along with a remand with instructions to dismiss, is the appropriate disposition.").

## III.

For the reasons described above, the order and judgment of the district court are vacated, and we remand with instructions for the district court to dismiss without prejudice for lack of jurisdiction.

*VACATED AND REMANDED*

7

WILKINSON, Circuit Judge, concurring:

I agree with the majority's dismissal of this case for want of jurisdiction. I would also note that the district court acted well within its discretion in concluding at each juncture that the case was not properly pled.

The claims against the South Carolina Attorney General were especially ill-founded. It cannot be that the mere issuance of an advisory opinion in the course of an Attorney General's ordinary responsibilities justifies dragging the Attorney General into a lawsuit. All the elements of Article III standing (the need for injury; causation; and redressability) are manifestly missing with respect to the Attorney General. Whether one views this absence as a matter of standing or a lack of ultimate merit in the action will make no difference. The complaint promises only to impair indefensibly the discharge of an Attorney General's routine tasks.